**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MINAH McBREAIRTY, | ) | 3:25-CV-01870 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KIMBERLY-CLARK CORPORATION, | ) | April 17, 2026 |
| NEW MILFORD INLAND WETLANDS | ) | |
| AND WATERCOURSES COMMISSION, | ) | |
| and TOWN OF NEW MILFORD, | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OF DECISION**
**RE: PLAINTIFF'S MOTION TO REMAND (ECF NO. 24)**

Kari A. Dooley, United States District Judge:

Plaintiff Minah McBreairty ("Plaintiff") is a resident of New Milford, Connecticut, who lives across the street from a landfill owned and operated by the Kimberly-Clark Corporation ("Kimberly-Clark"). Plaintiff alleges that the landfill is contaminated with dangerous per- and poly-fluoroalkyl substances, otherwise known as "PFAS" chemicals, in violation of the Connecticut Inland Wetlands and Watercourses Act ("Wetlands Act"), Conn. Gen. Stat. §§ 22a-36 to 22a-45. Plaintiff filed this action in the Litchfield Superior Court of Connecticut in October 2025 and named as defendants, in addition to Kimberly-Clark, the Town of New Milford ("New Milford") and the New Milford Inland Wetlands and Watercourses Commission ("Wetlands Commission," and collectively, the "New Milford Defendants"). On November 5, 2025, Kimberly-Clark timely removed the case to federal court. In the Notice of Removal, ECF No. 1, Kimberly-Clark invoked the Court's diversity jurisdiction. Although the New Milford Defendants, like the Plaintiff, are residents of Connecticut, Kimberly-Clark asserts that their citizenship should be disregarded insofar as they were fraudulently joined in this action in an effort to defeat diversity jurisdiction and thereby receive a "do-over" in state court of the Plaintiff's currently pending

1

federal case.[1]  Notice of Removal, ECF No. 1, at 1–2.  Pending before the Court is Plaintiff's

motion to remand.  For the reasons that follow, the motion to remand is GRANTED.

**Applicable Law**

The federal removal statute permits a civil defendant to remove "any civil action brought

in a State court of which the district courts of the United States have original jurisdiction . . . to the

district court of the United States for the district and division embracing the place where such

action is pending."  28 U.S.C. § 1441(a).  "Congress has given the federal district courts original

jurisdiction over civil actions between 'citizens of different States' where, as here, the amount in

controversy exceeds $75,000."  *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302

(2d Cir. 2004) (quoting 28 U.S.C. § 1332(a)).  "The citizenship requirement for diversity

jurisdiction has been interpreted to mean complete diversity so that each plaintiff's citizenship

must be different from the citizenship of each defendant."  *Id.*  Further, an action that is removable

solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest

properly joined and served as defendants is a citizen of the State in which such action is brought."

28 U.S.C. § 1441(b)(2).  This latter prohibition is oft referred to as the "forum defendant rule."

"On a motion to remand, the court construes all factual allegations in favor of the party

seeking the remand."  *Wise v. Lincoln Logs, Ltd.*, 889 F. Supp. 549, 551 (D. Conn. 1995).  "In light

of the congressional intent to restrict federal court jurisdiction, as well as the importance of

---

[1] *See DePaul v. Kimberly-Clark Corp.*, No. 3:24-CV-271 (KAD) (D. Conn.).  Ms. McBreairty is one of six plaintiffs in the *DePaul* case.  On March 27, 2026, the Court granted Kimberly-Clark's motion to dismiss that case. *DePaul*, No. 3:24-CV-271, at ECF No. 55.  The *DePaul* plaintiffs thereafter filed a motion for leave to file an amended complaint, which remains pending.  *DePaul*, No. 3:24-CV-271, at ECF No. 56.

Kimberly-Clark takes great umbrage with Plaintiff's filing of this lawsuit, claiming that she is "seek[ing] a do-over" of the *DePaul* case "by attempting to assert the substantially same unfounded allegations in state court," and that this suit "has not been brought in good faith."  Notice of Removal at 1.  But as Plaintiff correctly points out, "Plaintiff's motives in bringing this action are, of course, irrelevant to the only issue here, which is whether the non-diverse defendants in this case were 'fraudulent joined' to defeat diversity jurisdiction."  Pl.'s Reply, ECF No. 44, at 2.

preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Mihok v. Medtronic, Inc.*, 119 F. Supp. 3d 22, 26 (D. Conn. 2015) (quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013)).

"[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998). Accordingly, the doctrine of "fraudulent joinder" provides that if an action is brought against both diverse and non-diverse defendants, the defendants may "invoke the federal court's diversity jurisdiction by contending that the non-diverse defendant or defendants were not properly joined as defendants in state court." *Wise*, 889 F. Supp. at 551.

"Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd.*, 373 F.3d at 302 (citing *Pampillonia*, 138 F.3d at 461).[2] "Put another way, 'joinder will be considered fraudulent when it is established that there can be no recovery against the defendant under the law of the state on the cause alleged.'" *Mihok*, 119 F. Supp. 3d at 34 (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001)); *see also Soto v. Bushmaster Firearms Int'l, LLC.*, 139 F. Supp. 3d 560, 562 (D. Conn. 2015) (describing fraudulent joinder as applying "when it is objectively reasonable to infer that the plaintiff has engaged in a form of litigation abuse").[3] "The defendant bears the heavy burden of proving this circumstance

---

[2] "[W]here, as here, the defendant at issue is both non-diverse and a forum resident, the doctrine also permits the Court to overlook the forum defendant rule of 28 U.S.C. § 1441(b) when fraudulent joinder has been demonstrated." *Kenneson v. Johnson & Johnson, Inc.*, No. 3:14-CV-1184 (MPS), 2015 WL 1867768, at *2 n.1 (D. Conn. Apr. 23, 2015) (internal quotations omitted).

[3] A defendant may also establish fraudulent joinder by demonstrating, by clear and convincing evidence, that there has been "outright fraud committed in the plaintiff's pleadings." *Pampillonia*, 138 F.3d at 461. Defendants here

3

by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff." *Briarpatch Ltd.*, 373 F.3d at 302. "The fraudulent joinder standard is strictly applied . . . [e]ven allegations that are general and at times in barebones language may be sufficient to defeat a claim of fraudulent joinder," and a defendant cannot carry its burden merely by asserting "that the complaint fails to state a claim against a non-diverse defendant." *Mihok*, 119 F. Supp. 3d at 34–35 (quotation marks, citations, and alterations omitted).[4]

**Allegations**

Plaintiff brought this lawsuit alleging that Kimberly-Clark polluted Connecticut's wetlands and watercourses with harmful PFAS chemicals, in violation of the Wetlands Act, the New Milford Inland Wetlands and Watercourses Regulations (the "IWWA"), and the Connecticut Environmental Protection Act ("CEPA"), Conn. Gen. Stat. §§ 22a-14 to 22a-20. Compl., ECF No. 1, ¶ 2. Plaintiff specifically alleges that the sources of the PFAS found in the water near Kimberly-Clark's property is the company's own manufacturing waste—short-fiber paper sludge. *Id*. ¶ 11. Plaintiff claims that Kimberly-Clark polluted Connecticut's wetlands and watercourses when they deposited large quantities of short-fiber paper sludge into their landfill, where it came into direct contact with surface and groundwater before the water made its way into the Housatonic River. *Id*. ¶¶ 12–13.

---

do not claim to have identified such "outright fraud," Pl.'s Reply, ECF No. 44, at 2, and thus, the Court only analyzes the motion to remand under the "no possibility" standard.

[4] While courts in this Circuit do not always apply the "no possibility" standard literally and some have instead asked whether there is "no reasonable basis" for anticipating liability, *see Oliva v. Bristol-Myers Squibb Co.*, No. 3:05-CV-486 (JCH), 2005 WL 3455121, at *2 (D. Conn. Dec. 16, 2005) (discussing variations); *see also Mihok*, 119 F. Supp. 3d at 34 n.7, even this seemingly more lenient inquiry requires proof "by clear and convincing evidence," and thus, the standard remains "a high one" in either case. *Oliva*, 2005 WL 3455121, at *2; *cf. Soto*, 139 F. Supp. 3d at 563 n.6 ("While courts in this Circuit have applied varying formulations of the standard for fraudulent joinder, . . . analysis of the cases shows that, in substance, the courts are applying the 'no possibility' standard set forth in *Pampillonia, see* 138 F.3d at 461, which is the standard applied here."). As discussed *infra*, the Court would decline to find fraudulent joinder under either formulation of the standard.

Plaintiff claims that Kimberly-Clark's alleged pollution was in violation of the Wetlands Act, the IWWA, and the CEPA. *Id.* ¶ 14.

As for the New Milford Defendants, Plaintiff contends that their inaction has made them parties to this lawsuit. *Id.* ¶ 19. Plaintiff asserts that both the Wetlands Commission and New Milford have a statutory duty to enforce and administer the Wetlands Act, which includes investigating complaints of violations. *Id.* ¶ 21. On February 18, 2025, Plaintiff sent the Wetlands Commission a letter stating that Kimberly-Clark was polluting wetlands and watercourses with PFAS chemicals, but the Wetlands Commission refused to investigate the complaint, citing limited resources. *Id.* ¶¶ 22–23. Plaintiff seeks injunctive relief from the New Milford Defendants under Conn. Gen. Stat. § 22a-44(b), requiring Kimberly-Clark to cease all PFAS discharges into Connecticut wetlands and watercourses, as well as orders directing the New Milford Defendants to fulfill their statutory duties by investigating and enforcing the Wetlands Act regarding the alleged violations. *Id.* ¶ 32.

Plaintiff filed this action in the Connecticut Superior Court, Judicial District of Litchfield, in October 2025.[5] On November 5, 2025, Kimberly-Clark timely removed the case to federal court. Plaintiff filed a motion to remand on December 5, 2025. ECF No. 24. Kimberly Clark and the New Milford Defendants filed separate oppositions. ECF Nos. 34, 35. Plaintiff filed a reply. ECF No. 44.

**Discussion**

Kimberly-Clark has not met its heavy burden of establishing that the New Milford Defendants were fraudulently joined in this action, because it has failed to show that there is "no possibility" that Plaintiff's claims against the New Milford Defendants can be asserted in state

---

[5] *See McBreairty v. Kimberly-Clark Corp.*, No. LLI-CV-25-6042051-S (Conn. Super. Ct.).

court.  *Briarpatch Ltd.*, 373 F.3d at 302.  In deciding a motion to remand for lack of fraudulent joinder, "it is not for this Court to decide the merits of the claim."  *Cantafi v. Graybeal*, No. 3:23-CV-1256 (KAD), 2024 WL 3271931, at \*4 (D. Conn. July 2, 2024).  The only issue before the Court is whether the New Milford Defendants were fraudulently joined, not whether they might ultimately prevail on the merits in state court.  Kimberly-Clark's opposition to the motion to remand speaks mostly to the merits of the Plaintiff's case, rather than meeting the standard to show that Plaintiff's claims against the New Milford Defendants could not be asserted in state court.  *See Briarpatch Ltd.*, 373 F.3d at 302.  And in proving a fraudulent joinder to defeat a motion to remand, it is "not sufficient to argue that the complaint fails to state a claim against that defendant."  *Stan Winston Creatures v. Toys "R" Us*, 314 F. Supp. 2d 177, 182 (S.D.N.Y. 2003).

Kimberly-Clark first argues that the joinder of the New Milford Defendants is fraudulent because Plaintiff cannot maintain a private right of action to enforce the Wetlands Act against the New Milford Defendants.  KC Opp'n, ECF No. 34, at 10.  However, the Connecticut Supreme Court has held otherwise.  In *Windels v. Town of Darien*, the Connecticut Supreme Court held that § 22a-44(b) "expressly recognizes that an action may be brought by [a]ny person," because "[l]imiting IWWA enforcement actions to the commissioner of environmental protection, municipalities and districts would require us to read the phrase 'any person' out of the statute." 284 Conn. 268, 297 (2007) (first alteration in original).  Thus, the *Windels* Court explicitly held that "there is a private right of action under § 22a-44(b)."  *Id*. at 300.

Notwithstanding, Kimberly-Clark next argues that there is "no regulated activity under the Wetlands Act," or in other words, that "there is no clear evidence that the alleged PFAS contamination in the New Milford area originated from the Kimberly-Clark landfill."  KC Opp'n at 10.  It also argues that, because there are "no enforceable PFAS standards," there is no "regulated

activity" under the statute. *Id.* at 10–11, 13–16. Both of these arguments clearly go to the merits of Plaintiff's claims, and thus, they are irrelevant to the question of whether Plaintiff could assert a cause of action under the statute in the first instance.

Next, Kimberly-Clark argues that § 22a-44(b), which creates a private right of action for "any person," does not include so-called "failure to enforce" actions, as Plaintiff alleges here. *Id.* at 17–19. However, Kimberly-Clark's interpretation is at odds with *Windels*, which also involved claims premised on inaction by the town environmental protection commission when it "*declin[ed] to assert jurisdiction over a regulated activity*." 284 Conn. at 274–75 (emphasis added). The Court does not see a meaningful distinction between failing to assert jurisdiction and failing to investigate matters within the New Milford Defendants' jurisdiction; and certainly not a distinction that would rise to the "no possibility" standard needed for a finding of fraudulent joinder. Again, these are defenses available to Kimberly-Clark and the New Milford Defendants in the state court as such arguments go to the merits of Plaintiff's claims.

Lastly, Kimberly-Clark argues that the New Milford Defendants have governmental immunity from Plaintiff's claims under Conn. Gen. Stat. § 52-557n(a)(2)(B), and thus, they must have been fraudulently joined. This argument also goes to the merits of Plaintiff's claims, raising defenses that may or may not be asserted in the state court, and which may or may not be successful. Indeed, as Plaintiff points out, the *Windels* trial court on remand decided that such discretionary governmental immunity was incompatible with the private right of action afforded under CEPA and the IWWA. *Windels v. Town of Darien*, No. X08 FST-CV-03-0195629, 2011 WL 4031176, at *22 (Conn. Super. Ct. Aug. 12, 2011) ("As the statutory language of the IWWA suggests that the court has jurisdiction over the IWWA claims, the town defendants cannot avail themselves of a governmental immunity defense."). The Superior Court further held that

governmental immunity pursuant to § 52-577n(b), though not asserted here, was unavailable because the plaintiff only sought injunctive relief. *Id.* The mere specter of this defense does not establish that the Milford Defendants were fraudulently joined. *See, e.g.*, *Soto*, 139 F. Supp. 3d at 565 (rejecting defendants' claim of fraudulent joinder where they argued they were entitled to immunity from plaintiff's suit). On this point, Kimberly-Clark's reliance on *Pelgrift v. CitiMortgage, Inc.*, is misplaced. No. 3:24-CV-474 (JCH), 2025 WL 1529335 (D. Conn. May 29, 2025); *see* KC Opp'n at 22–26. First, in *Pelgrift*, the court found that the town defendants were entitled to discretionary immunity on Plaintiffs' IWWA claims, *on a motion to dismiss under Rule 12(b)(6)*.[6] *Pelgrift* did not involve a question of fraudulent joinder. *Pelgrift* therefore only reinforces Plaintiff's argument that these disputes must be decided by the superior court on remand.

For all of these reasons, Defendants have not met the high standard for establishing fraudulent joinder. Thus, the citizenship of the New Milford Defendants cannot be disregarded, and this Court clearly does not have diversity jurisdiction in this case. *See* 28 U.S.C. § 1332(a).

---

[6] *Pelgrift* perhaps represents a split of authority on the issue of whether governmental immunity is available to municipal defendants with respect to claims brought pursuant to the IWWA. The plaintiffs in *Pelgrift* were *pro se*, and it is unclear whether the contrary authority cited above was brought to the court's attention. Indeed, the *Pelgrift* decision does not address or otherwise engage with the question of whether the IWWA abrogated governmental immunity for claims expressly permitted thereunder. This too reinforces the conclusion that these are issues for the Superior Court in the first instance.

**Conclusion**

The Plaintiff's Motion to Remand, ECF No. 24, is GRANTED. The Clerk of Court is respectfully directed to remand this case back to the State of Connecticut Superior Court, Judicial District of Litchfield, from which it was removed.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of April, 2026.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE